*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

　　　　Plaintiff-Appellee,

v

DEWON WESLEY HENDERSON,

　　　　Defendant-Appellant.

UNPUBLISHED
October 09, 2024
9:28 AM

No. 367416
Macomb Circuit Court
LC No. 2022-002371-FC

Before: CAMERON, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his jury conviction of two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(2)(b). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The victim, defendant's stepdaughter, alleged that defendant sexually assaulted her at a family retreat in a hotel in December 2021. She asserted defendant forced her to perform fellatio on him twice while the other members of the family slept. The victim, then 11 years old, was forensically interviewed and testified at the preliminary examination and at defendant's jury trial. Her descriptions of the surrounding circumstances of the assaults were sometimes inconsistent, which defense counsel brought to the jury's attention during cross-examination. The jury convicted defendant as noted.

## II. ANALYSIS

Defendant argues his convictions were against the great weight of the evidence and that there was insufficient evidence to support his convictions. We disagree.

## A. PRESERVATION & STANDARDS OF REVIEW

"To preserve a great-weight claim, a party must move for a new trial in the trial court." *People v Cameron*, 291 Mich App 599, 617; 806 NW2d 371 (2011). Defendant did not move for a new trial below. Therefore, this issue is unpreserved. "[W]hen a party fails to preserve a great-

-1-

weight issue for appeal, an appellate court will look for plain error affecting the defendant's substantial rights." *Id*. at 617 (quotation marks and citation omitted). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*.

This Court reviews a challenge to the sufficiency of the evidence, in the light most favorable to the prosecution and "whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Hardiman*, 466 Mich 417, 421; 646 NW2d 158 (2002).

## B. LAW & ANALYSIS

"[A] new trial based upon the weight of the evidence should be granted only where the evidence 'preponderates heavily against the verdict and a serious miscarriage of justice would otherwise result.' " *People v Lemmon*, 456 Mich 625, 642; 576 NW2d 129 (1998) (citation omitted). "Generally, a verdict may only be vacated when the verdict is not reasonably supported by the evidence, but rather it is more likely attributable to factors outside the record, such as passion, prejudice, sympathy, or other extraneous considerations." *People v Solloway*, 316 Mich App 174, 183; 891 NW2d 255 (2016) (quotation marks and citation omitted). "[I]n general, conflicting testimony or a question as to the credibility of a witness are not sufficient grounds for granting a new trial[.]" *Lemmon*, 456 Mich at 643. However, an exception exists "if the testimony contradicts indisputable facts or laws," it is "patently incredible or defies physical realities," it "is material and is so inherently implausible that it could not be believed by a reasonable juror," or where "the witnesses [sic] testimony has been seriously impeached and the case marked by uncertainties and discrepancies." *Id*. at 643-644 (quotation marks and citations omitted). Aside from these exceptional circumstances, issues of witness credibility are for the fact-finder, and "the hurdle that a judge must clear in order to overrule a jury and grant a new trial is unquestionably among the highest in our law." *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008) (quotation marks and citation omitted).

Defendant's great-weight argument relies entirely on several inconstancies in the victim's testimony that he argues render her too incredible to be believed. Defendant argues that, because the victim's testimony was necessary to convict him, his convictions must be vacated. As noted, "the jury is the final judge of credibility." *Lemmon*, 456 Mich at 637 (citation omitted). Throughout trial, the jury was able to see and hear the victim's testimony, including her testimony on cross-examination during which she was confronted with these discrepancies and inconsistencies. After hearing all the evidence presented, the jury still believed the victim's testimony and found her to be a credible witness.

> Appellate reluctance to interfere with the grant of a new trial is soundly rooted in the proposition that "the judge was 'there' we were not." It is also based on the pragmatic expectation of appellate courts that the trial courts will sparingly exercise such authority and that expansion of appellate oversight would simply invite an increase in claims for review. That disputed issues of fact are for the jury is a fundamental tenet of our jurisprudence, and it is the trial judge who presumably

will bear the practical consequence of a conclusion that a case needs to be retried. [*Id*. at 638 (citations and alterations omitted).]

The *Lemmon* test only permits granting a new trial in situations concerning witness credibility in extreme circumstances, none of which are found here. None of the examples presented in defendant's brief "contradict[ed] indisputable facts or laws," were "patently incredible or defie[d] physical realities," were "material and [] so inherently implausible that it could not be believed by a reasonable juror," or were inconsistencies for which the victim was "seriously impeached and the case [was] marked by uncertainties and discrepancies." *Id*. at 643-644 (quotation marks and citations omitted). The contradictions within the victim's testimony were understandable given her age and the time that had elapsed, as well as the trauma she suffered as a result of the abuse. Simply put, none of the inconsistencies highlighted by defendant, even in the aggregate, rendered the victim's testimony so unbelievable or impossible as to warrant "tak[ing] the testimony away from the jury." *Id*. at 643. Furthermore, none of the inconsistencies raised by defendant undermine the credibility of the victim's allegations that defendant sexually assaulted her. The victim's testimony was consistent that, in December 2021, at a hotel room with her family, defendant sexually assaulted her twice.[1]

As to defendant's sufficiency-of-the-evidence argument, defendant has not presented a sufficient argument on appeal for this challenge. Indeed, the entirety of defendant's argument for this section is that: "As set forth above in Argument I, [the victim's] testimony was fraught with so many inconsistencies, that her lack of credibility presents the exceptional case where the convictions must be overturned." "The failure to brief the merits of an allegation of error constitutes an abandonment of the issue." *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004). Defendant has abandoned this issue on appeal, and we decline to address it.

Affirmed.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Brock A. Swartzle

---

[1] We also note that, while defendant does not address them in his argument on appeal, the prosecution presented text message exchanges between defendant and the victim corroborating the victim's testimony that the two had a sexual relationship.